BOARD OF SUPERVISORS OF THE COUNTY OF JACKSON v. BOARD OF STATE AUDITORS.

1. STATES—LIABILITY TO COUNTIES FOR COSTS OF CRIMINAL PROSECUTION—PRISONS—INMATES.

    The State is not liable to Jackson county for costs of a criminal prosecution of one of the inmates of the State prison at Jackson for burning a warehouse of that institution.

2. STATUTES—COSTS—REPEAL BY IMPLICATION.

    The provisions of Act No. 132, Pub. Acts 1887, that costs of a prosecution of any inmate of the State penal institutions should be paid by the State, were repealed by

Act No. 118, Pub. Acts 1893 (5 How. Stat. [2d Ed.] § 15268 *et seq.*), which re-enacted the former statute without including the provision in question and repealed inconsistent acts.

Mandamus by the board of supervisors of Jackson county against the board of State auditors to require respondents to allow and audit a bill of costs in a criminal case. Submitted April 21, 1914. (Calendar No. 26,098.) Writ denied June 1, 1914.

*Reuben H. Rossman,* Prosecuting Attorney, for relator.

*Grant Fellows,* Attorney General, for respondent.

McALVAY, C. J. Relator asks for a writ of mandamus to compel respondent to audit and allow a certain bill of costs incurred by it upon the trial in the circuit court for Jackson county of a certain criminal prosecution against Joseph Davidson, respondent, who was at that time a convict confined in the Michigan State prison at Jackson in said county, upon a certain information in due form, charging him with setting fire to and burning a certain warehouse within the walls of said prison on October 24, 1912. The itemized claim of relator was duly presented to respondent board for allowance, and such board refused to audit and allow the same. The only question in the case is whether the statute which provided for the payment of costs and expenses incurred in the prosecution and trial of such cases has been repealed.

The statute in question was Act No. 132, of the Public Acts of 1887, entitled:

"An act to provide for the punishment of crimes committed by any person while confined or before the expiration of his sentence in any of the penal institutions of this State."

Section 1 of this act provided that any convict confined in the penal institutions named therein, who

should commit any crime punishable under the laws of this State should be subject to the same punishment "as if the crime had been committed at any other place, or by a person not so confined." Section 2 gave the circuit court for the county where the crime was committed jurisdiction over the case, and provided that the proceedings thereto pertaining should in all ways conform to the law and rules applying to such cases, except that the examination might be held in the office of the penal institution, and the convict so charged should continue to remain in the custody of the warden. Section 3 provided for the sentence which might be imposed upon conviction. Section 4, which is the section under which the liability of the State is claimed, provided as follows:

"All costs and expenses incurred under the provisions of this act, except pay of circuit judges and prosecuting attorneys, shall be paid by the State of Michigan."

The legislature later passed an act designed to consolidate in one act the provisions with reference to the management, government, and discipline of the various penal institutions of the State. This is Act No. 118 of the Public Acts of 1893 (5 How. Stat. [2d Ed.] § 15268 *et seq.*), which is entitled:

"An act to revise and consolidate the laws relative to the State prison, to the State house of correction, and branch of the State prison in the Upper Peninsula, and to the house of correction and reformatory at Ionia, and the government and discipline thereof and to repeal all acts inconsistent therewith."

By this later act sections 1 and 2 of the act of 1887 were substantially re-enacted by sections 64 and 65, and are therefore repealed. Section 3 of the earlier act, which provided for the imposition of the sentence in case of a conviction, was not repealed. Relator contends that section 4, upon which its claim is found-

ed, was not repealed. The repealing section of the later act reads as follows:

"SEC. 66. All acts and parts of acts contravening any of the provisions of this act are hereby repealed; but all proceedings pending, and all rights and liabilities existing, acquired or incurred at the time this act takes effect, are hereby saved, and such proceedings may be consummated under and according to the law in force at the time such proceedings were commenced."

The later act of 1893 has been twice before this court for construction, first in the case of *Attorney General, ex rel. Fuller,* v. *Parsell,* 100 Mich. 170 (58 N. W. 839), which had already been twice construed (see 98 Mich. 96 [57 N. W. 33], and 99 Mich. 381 [58 N. W. 335]), where this court said:

"The very terms 'revise' and 'consolidate' imply the intention to include in such act entire control over the subject, and to exclude all prior enactments. Cooley, Const. Lim. (6th Ed.) 182, note 4. The act in question contains 66 sections, and its provisions cover the entire management and control of and discipline in the penal institutions named. There is not a single provision of the former laws which is requisite or necessary for the management and control of these institutions.

"But it is argued that the language in the repealing clause, that 'all acts and parts of acts contravening any of the provisions of this act are hereby repealed,' indicates an intention to retain those provisions of the old law which may be held not to conflict with the new. We are of the contrary opinion. It would be unreasonable to hold that the legislature, while covering the entire subject, and declaring its intention to be to revise and consolidate all the laws upon the subject, intended to leave in force any provisions of the former laws which the courts might determine did not contravene the provisions of the new act.

"But, however this may be, the repealing section, when read as a whole, shows the understanding of the legislature to be that the revised and consolidated act

should supersede all other acts upon the subject. The repealing section closes with these words:

" 'But all proceedings pending, and all rights and liabilities existing, acquired, or incurred, at the time this act takes effect, are hereby saved, and such proceedings may be consummated under and according to the law in force at the time such proceedings were commenced.' "

Later, in the case of *People* v. *Huntley*, 112 Mich. 569 (71 N. W. 178), the question was considered whether section 3 of the act of 1887 was repealed by the act of 1893. This court said:

"But it is contended by counsel for respondents that this section of the act of 1887 was repealed by Act No. 118, Pub. Acts 1893. The act of 1893 was a revision and consolidation of the former acts, and to repeal all acts inconsistent therewith. While the general rule is that statutes and parts of statutes omitted from a revision are to be considered annulled, and not to be revived by construction, yet there are many exceptions to this rule. A revisal repealing all acts repugnant to the provisions thereof cannot affect statutes which are omitted, and which are not repugnant to its provisions. *State* v. *Pollard*, 6 R. I. 290. The rule of implied repeal is clearly inapplicable also where the revising statute declares what effect it is intended to have upon the former law, as where it declares that it shall operate as a repeal of such provisions of earlier acts as are inconsistent with it, which is regarded as a declaration that it shall repeal only such provisions and leave unaffected such as are not inconsistent. End. Interp. Stat. § 203; *Patterson* v. *Tatum*, 3 Sawy. 164 [Fed. Cas. No. 10,830]; *Lewis* v. *Stout*, 22 Wis. 234; *Gaston* v. *Merriam*, 33 Minn. 271 [22 N. W. 614]. Applying these rules to the present case, it must be held that section 3 of the act of 1887 was not repealed."

A further reason why section 3 was not repealed is because it is not only not repugnant to the provisions of the repealing statute, but is in harmony with it, and it must be considered that the legislative intent was not to repeal this section and leave the re-

pealing statute without any provision for imposing sentence in case of a conviction. A careful examination of both these cases will show that they are not inconsistent with each other. The question raised in the instant case relative to the status of section 4 of the earlier act was not considered in either of these decisions. It reads:

"All costs and expenses incurred *under the provisions of this act,* except pay of circuit judges and prosecuting attorneys, shall be paid by the State of Michigan."

"The provisions of this act" referred to in this section, being sections 1 and 2, were repealed by reenactment in the later act, leaving no provisions in the act under which costs and expenses could be incurred. We also find the legislative intent not to re-enact this section, but to repeal the same, to be clear from the saving clause in the repealing section of the later act, providing for all liabilities already incurred, as follows:

" * * * But all proceedings pending, and all rights and liabilities existing, acquired or incurred at the time this act takes effect, are hereby saved. * * *"

The "liabilities existing, acquired or incurred, at the time this act takes effect" would include "all costs and expenses incurred under the provisions of this act," to be paid by the State of Michigan. It follows that at the time the later act was passed the legislature had in mind the costs and expenses which had accrued in cases already incurred, and refused to continue the liability against the State in subsequent prosecutions under the statute.

This court, therefore, holds that section 4 of Act No. 132, Pub. Acts 1887, was repealed. The writ of mandamus is denied, but without costs to either party.

BROOKE, KUHN, STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.