DONOHUE *v.* WAYNE CIRCUIT JUDGE.

1. Judgment—Order Nunc Pro Tunc Proper to Correct Clerical Error—Fieri Facias.

In view of 3 Comp. Laws 1915, § 12482, where the clerk, in entering judgment in favor of two plaintiffs, erroneously omitted the name of one of them, the circuit court has power to correct the error by order *nunc pro tunc*, thereby validating the writ of *fieri facias* issued in favor of both plaintiffs.

2. Trial—Finding Requires Deduction—Damages.

A finding of the circuit judge in favor of plaintiffs' contention and assessing damages, although not expressly reciting a conclusion of law, requires the deduction, a conclusion of law, that plaintiffs were entitled to judgment on the finding.

---

[1]Judgments, 34 C. J.   §§ 216, 462; [2]Trial, 38 Cyc. p. 1980.

3. APPEAL AND ERROR — EXCEPTIONS — FINDING—WHETHER JUDG-
MENT SUPPORTED BY FINDINGS REVIEWABLE.

> In the absence of exceptions to the findings, a question
> that may be raised, on review, is that the findings do not
> support the judgment.

4. TRIAL—FINDING ESSENTIALLY A VERDICT.

> A finding of fact made by a circuit court when sitting
> without a jury is essentially a verdict.

5. SAME—FINDING MAY DETERMINE DAMAGES BUT GENERALLY NOT
COSTS.

> A verdict may find damages, but as a general rule it does
> not determine costs, which in nearly all cases follow judg-
> ment as a legal incident, and therefore need not be men-
> tioned in the findings.

6. COSTS—DISCRETION OF COURT—COSTS PROPERLY ANNOUNCED ON
ENTERING JUDGMENT.

> Although, on appeal from the justice's court to the circuit
> court, allowance of costs is in the discretion of the court
> (3 Comp. Laws 1915, § 13685), it was proper for the
> court to announce the award of costs in and by the entry
> of judgment rather than by a finding or conclusion made
> upon the main case, even where judgment was entered
> by a judge other than the one making the findings.

7. EXECUTION—ENTRY OF JUDGMENT PROPER.

> A judgment entered by a judge other than the trial judge
> by direction and consent of the latter was properly entered,
> and therefore issuance of a writ of *fieri facias* thereon
> was proper.

Mandamus by James C. Donohue to compel DeWitt
H. Merriam, circuit judge of Wayne county, to recall
a writ of *fieri facias*.    Submitted January 18, 1927.
(Calendar No. 32,873.)    Writ denied April 1, 1927.

*M. F. McDonald* (*Arthur Jones,* of counsel), for
plaintiff.

*Howell S. White,* for defendant.

---

[3]Appeal and Error, 4 C. J. §§ 766, 777; [4]Trial, 38 Cyc. p. 1953;
[5]Judgments, 33 C. J. § 109; Trial, 38 Cyc. pp. 1879, 1978; [6]Justices
of the Peace, 35 C. J. § 590 (Anno); [7]Executions, 23 C. J. § 164.

CLARK, J.    Plaintiff prays issuance of a writ of mandamus against defendant circuit judge requiring him to recall a writ of *fieri facias.*    In justice's court for the city of Detroit Edward Brennan and Katherine Brennan had judgment against James C. Donohue, plaintiff herein, for $500 and costs.    On appeal the cause was returned into the circuit court for the county.    Under the practice of that court, Hon. Ira W. Jayne, a circuit judge of that circuit, was temporarily in charge of such appeals.    On April 6, 1926, the cause came on for trial.    Judge Jayne was absent. Hon. Joseph A. Moynihan, another judge of the circuit, came into the court room of Judge Jayne and presided without a jury over the trial of the cause.    On the same day, the trial being concluded, Judge Moynihan made the following finding:

"That the defendant did undertake and promise in manner and form as the said plaintiffs hath in their declaration in this cause complained, and assesses damages in favor of the plaintiffs and against the defendant in the sum of five hundred ($500) dollars."

No request for findings was made and no exception taken.

On April 10, 1926, Judge Jayne caused to be entered judgment on the verdict for $500 and costs to be taxed, but by clerical error the name of Katherine Brennan was omitted as a plaintiff.    The return of the defendant, conclusive here, states:

"That such judgment entered by Judge Ira W. Jayne was entered under the direction of and with the consent of Judge Joseph A. Moynihan."

The return also states that the error of the said clerk in entering judgment has been corrected by order *nunc pro tunc.*    The writ in question was issued on August 18, 1926, and recites correctly the parties plaintiff.    Plaintiff presents three questions:

"1. Should a writ of *fi. fa.* have been issued in favor of both Edward Brennan and Katherine, when the judgment, Exhibit B, was in favor of only Edward?"

The court had power to correct the clerical error and it did correct it.     See 3 Comp. Laws 1915, §§ 12482, 12483; *Reynolds* v. *Cavanagh,* 139 Mich. 387; *Forsythe* v. *Washtenaw Circuit Judge,* 180 Mich. 663 (L. R. A. 1915A, 706); *Souvais* v. *Leavitt,* 53 Mich. 577; *Brownell* v. *Widdis,* 219 Mich. 167.

"2. Should a writ have been issued for costs and charges of the plaintiffs when the finding of facts did not award to the plaintiffs any costs?"

The finding above quoted does not recite expressly a conclusion of law, but it requires the deduction, a conclusion of law, that plaintiffs were entitled to judgment on the finding (38 Cyc. p. 1978).     In the absence of exceptions to the findings, a question that may be raised is that the findings do not support the judgment.     *Kooman* v. *DeJonge,* 186 Mich. 292; *Dennison* v. *Carpenter,* 213 Mich. 658.     A finding of fact made by a circuit court when sitting without a jury is essentially a verdict.     A verdict may find damages but as a general rule it does not determine costs.     An award of costs is an incident of judgment rather than of findings and conclusions.     Costs in nearly all cases follow judgment as a legal incident (33 C. J. p. 1175, note 84), and need not be mentioned in the findings. In the instant case, an appeal from justice's court, costs did not so follow, but were in the discretion of the court (3 Comp. Laws 1915, § 13685).     Nevertheless we think it was proper for the court to announce the award of costs in and by the entry of judgment rather than by a finding or conclusion made upon the main case.

"3. Should a writ have been issued on a judgment rendered by Judge Jayne when he had nothing to do

with the trial of the case nor any knowledge of the conclusion which had been reached by Judge Moynihan, who did try the case?"

It is established, as stated above, that the judgment was entered by direction and with consent of the trial judge. It was therefore properly entered, as held in *Kintz* v. *Galvin*, 219 Mich. 48.

Writ denied, with costs to defendant.

SHARPE, C. J., and BIRD, SNOW, STEERE, FELLOWS, WIEST, and McDONALD, JJ., concurred.