JACKSON v. MICHIGAN CORRECTIONS COMMISSION.

1. STATUTES—REPEAL—INTENT.
    Whether a statute is to be regarded as repealed by a subsequent enactment relating to the same subject matter involves a determination as to the legislative intent.

2. SAME—REPEAL BY IMPLICATION—PRESUMPTION—THEORY.
    The presumption is against a repeal by implication, the theory being that had the legislature intended a repeal it would have expressly so stated, designating the specific acts or parts of acts repealed.

3. SAME—CONSTRUCTION OF STATUTES ENACTED AT DIFFERENT TIMES —REPEAL BY IMPLICATION.
    If possible, earlier and later statutes concerned in any case must be construed together and each given force and effect, but if there is such repugnance that both cannot operate, then the last expression of the legislative will must control and there is a repeal by implication.

4. SAME—REPEALS BY IMPLICATION NOT FAVORED.
    Repeals by implication are not favored, but do happen, and, when clear, must be given effect.

5. SAME—REPUGNANCY—SUBSTITUTE—REPEAL.
    A later act will repeal an earlier one to the extent that the two are repugnant, or, if the later act covers the whole subject of the earlier and contains new provisions showing it was intended as a substitute, the later will operate as a repeal.

6. SAME—REPEAL BY IMPLICATION—SUBSTITUTION OF NEW METHOD OF EXERCISING POWERS OF APPOINTMENT AND REMOVAL OF WARDENS.
    Provision of earlier act vesting power of appointment and power of removal of a prison warden in board of control of respective prison was repealed by implication by subsequently enacted act which did not vest such powers in the successor of the boards of control but in the governor on the recommendation

of such successor since the later act substituted a new method of exercising such powers (Comp. Laws 1929, §§ 8168, 8176, 17548).

7. SAME—REPEAL BY IMPLICATION—SUBSTITUTION OF NEW METHOD OF EXERCISING POWERS—GENERAL REPEALING SECTION.

Repeal by implication by a later act is deemed to have been the legislative intent where by the later act a new method of exercising the power of appointment and removal theretofore conferred upon certain officers is transferred to a different · officer and other powers imposed upon a newly-created successor commission and the later act contains a general repealing section (Comp. Laws 1929, §§ 8168, 8176, 17548).

8. SAME—REPEALED STATUTE NOT REVIVED BY REPEAL OF REPEALING STATUTE.

The statute providing that the repeal of a repealing statute does not revive the yet earlier statute repealed thereby applies to implied as well as express repeals and effects a change from the common-law rule that a repealed statute would be revived by the repeal of the repealing statute (1 Comp. Laws 1929, § 77).

9. PRISONS—REMOVAL OF WARDENS—STATUTES—REPEALS.

Where statute relative to removal of warden of State prison requiring that he be given a hearing upon written charges and that he not be removed except for cause was impliedly repealed by subsequently enacted statute providing that the warden should hold office during the pleasure of the governor and the later statute was expressly repealed by yet later statutes, the first statute was not thereby revived (Comp. Laws 1929, §§ 8168, 17548; Act No. 255, Pub. Acts 1937; Act No. 280, Pub. Acts 1939).

10. COSTS—PUBLIC INTEREST—HEARING ON REMOVAL OF WARDEN FROM OFFICE.

No costs are allowed in mandamus proceeding by former prison warden to compel corrections commission to hold hearing before effecting plaintiff's removal from office, a question of public interest being involved.

Mandamus by Harry H. Jackson against Michigan Corrections Commission to compel rescission of orders discharging him and to compel granting of hearing. Submitted December 4, 1945. (Calendar No. 43,167.) Writ denied January 7, 1946.

*Harry D. Boardman* and *Edward F. Behan,* for plaintiff.

*John R. Dethmers,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Daniel J. O'Hara* and *Harry W. Jackson,* Assistants Attorney General, for defendant.

CARR, J. The defendant commission, by order made under date of July 26, 1945, indefinitely suspended plaintiff as warden of the State prison for southern Michigan. This action was taken without hearing and on the recommendation of the attorney general, following an investigation by him into certain matters affecting the management of the institution. Following notification of the issuance of the order, plaintiff demanded a hearing before the corrections commission and also a bill of particulars of the charges against him. Such hearing was denied, and on August 1, 1945, a further order was made by defendant permanently suspending plaintiff from his position as warden. Thereupon plaintiff made a further demand for hearing and also filed with the civil service commission of the State an appeal in accordance with the regulations of said commission, conditional in form, however, and asserting that the corrections commission could not properly discharge plaintiff without a hearing on charges filed against him. The instant proceeding followed, plaintiff seeking a writ of mandamus to compel the defendant to rescind the orders referred to, to reinstate plaintiff as warden, and to grant him a hearing on written charges, with opportunity on his part to be heard.

Plaintiff bases his claim on the provisions of Act No. 118, § 5, Pub. Acts 1893 (3 Comp. Laws 1929, § 17548 [Stat. Ann. § 28.1375]). Said section reads as follows:

"The said boards of control shall appoint for the prison under their control a warden, who shall hold office during the pleasure of the board. He shall, from practical experience, possess the ability and qualifications necessary to successfully carry on the industries of the prison, and be one who has the executive ability essential to the proper management of the officers and employees under his jurisdiction, and to enforce and maintain proper discipline in every department, and shall have power to remove him for cause, after opportunity shall be given him to be heard, upon written charges. No warden shall be removed except for cause."

Said section was construed, and its validity upheld, in *Fuller* v. *Attorney General,* 98 Mich. 96. It is conceded in the instant case that under this section the board of control created by the act of 1893 could not remove the warden except on formal charges and a hearing. It is claimed by the plaintiff that such right has not been abrogated by subsequent legislative enactments, and that the defendant commission, functioning under the provisions of Act No. 255, Pub. Acts 1937 (Comp. Laws Supp. 1940, § 17543-11 *et seq.,* Stat. Ann. 1945 Cum. Supp. § 28.2071 *et seq.*), is required to give it recognition.

On behalf of defendant it is insisted that Act No. 118, § 5, Pub. Acts 1893, above quoted, was repealed by Act No. 163, Pub. Acts 1921, and attention is called to section 10 of the later act (2 Comp. Laws 1929, § 8168 [Stat. Ann. § 16.9]), which reads:

"The medical superintendent of each of the State hospitals, and the superintendent of the Michigan farm colony for epileptics, shall, in case of vacancy in any such office, each be appointed by the governor upon the recommendation of the State hospital commission. The warden of the State prison, and of the branch thereof at Marquette, and of the Michigan reformatory at Ionia, shall, in case of vacancy in

any such office, be appointed by the governor upon the recommendation of the State prison commission; the superintendent of the Michigan State training school for women, of the industrial home for girls, and of the industrial school for boys, shall, in case of vacancy in any such office, be each appointed by the governor upon the recommendation of the State corrections commission; the superintendent of the school for the blind, of the school for the deaf, of the Michigan employment institution for the blind, the medical superintendent of the Michigan home and training school, and the superintendent of the State public school, shall, in case of vacancy in any such office, be appointed by the governor upon the recommendation of the State institute commission. In every such case of vacancy, it shall be the duty of the commission concerned to submit the names of candidates to fill such vacancy, from among whom the governor may make his selection and appointment. The passage of this act shall not be deemed to create a vacancy in any of the said offices, but every such medical superintendent, superintendent and warden shall hereafter hold office during the pleasure of the governor."

Whether a statute is to be regarded as repealed by a subsequent enactment relating to the same subject matter involves a determination as to the legislative intent. The presumption is against a repeal by implication, the theory being that had the legislature intended a repeal it would have expressly so stated, designating the specific acts or parts of acts repealed. If possible, the earlier and later statutes concerned in any case must be construed together and each given force and effect. However, if there is such repugnance that both cannot operate, then the last expression of the legislative will must control. In discussing a situation of this character, it was said in *Village of Highland Park* v. *McAlpine,* 117 Mich. 666:

"We need not cite authorities to the rule that repeals by implication are not favored, and that only when two acts are so incompatible that both cannot stand does the latter repeal the former."

In *Lundstrom* v. *Township of Ellsworth,* 196 Mich. 502, 511, the rule was stated in the following language:

"It is a well-settled and long-recognized rule that repeals by implication are not favored, that where the legislature has enacted a law and clearly expressed its intent it is presumed to continue of the same mind unless it clearly expresses a change, and therefore the language of every enactment must be so construed, if possible, as to be consistent with every other which it does not in clear and express terms repeal or modify."

Among other decisions of like import are *In re Simmons,* 248 Mich. 297; *Saginaw City Council* v. *Saginaw Board of Estimates,* 256 Mich. 624; *People* v. *Buckley,* 302 Mich. 12, and cases therein cited.

The rule as stated in the foregoing and other decisions involving the question recognizes that if the provisions of a later statute are so at variance with those of an earlier act, or a part thereof, that both cannot be given effect then the later enactment controls and there is a repeal by implication. In such a case it must be presumed that the legislature intended a repeal. As this court said in *C. N. Ray Corp.* v. *Secretary of State,* 241 Mich. 457, 462:

"Repeals by implication are not favored, but do happen, and, when clear, must be given effect."

Likewise, in *Breitung* v. *Lindauer,* 37 Mich. 217, 233, it was said:

"The rule is that the latter act operates to the extent of the repugnancy, as a repeal of the first, or,

if the two acts are not in express terms repugnant, yet if the latter covers the whole subject of the first, and contains new provisions showing that it was intended as a substitute, it will operate as a repeal.''

See, also, *Jackson Board of Supervisors* v. *Board of State Auditors,* 180 Mich. 658; *Pickalo* v. *Mack,* 217 Mich. 274; *Attorney General, ex rel. Whitcomb,* v. *Lau,* 256 Mich. 13; *Spillman* v. *Weimaster,* 275 Mich. 93; *Couvelis* v. *Michigan Bell Telephone Co.,* 281 Mich. 223; 25 R. C. L. p. 917.

This brings us to a consideration of the question whether section 10 of the act of 1921, above quoted, is so at variance with Act No. 118, § 5, Pub. Acts 1893, on which plaintiff relies, as to require a conclusion that the legislature intended a repeal of said section of the earlier act. Comparing provisions of said sections we find that under section 10 of the 1921 act, the power to appoint the warden of each of the State prisons was vested in the governor, to be exercised on the recommendation of the prison commission. The length of tenure was at the pleasure of the governor. In other words, neither the power of appointment, nor the power of removal, vested by Act No. 118, Pub. Acts 1893, in the board of control, was transferred to its successor, the prison commission, by Act No. 163, Pub. Acts 1921. Rather, we find substituted a new method of appointment and, likewise, a new method of removal. Clearly, these two sections were so at variance that a legislative intent to supersede and repeal must be implied. Section 17 of the act of 1921 (2 Comp. Laws 1929, § 8176 [Stat. Ann. § 16.17]), reads as follows:

"So much of the laws of this State establishing and governing the several State institutions embraced within the provisions of this act, and of the laws relating to the board of corrections and chari-

ties, as are inconsistent with the provisions of this act, are hereby repealed from and after the time fixed for the succession to take effect as prescribed in section eight hereof.''

It seems apparent from the language of the repealing section that the legislature realized that certain prior statutes, and parts of other acts, could not be continued in force and effect consistently with the intended operation of the provisions of the 1921 act. As to such prior inconsistent statutes we have the legislative mandate as to repeal; and the right of the legislature to change or modify the manner of the appointment of the wardens of the State prisons and, likewise, power to provide for their removal at the pleasure of the appointing power is not open to question. *Trainor* v. *Wayne County Board of Auditors*, 89 Mich. 162 (15 L. R. A. 95); *State, ex rel. Fischer,* v. *City of Lincoln*, 137 Neb. 97 (288 N. W. 499); *Burnap* v. *United States,* 252 U. S. 512 (40 Sup. Ct. 374, 64 L. Ed. 692); 43 Am. Jur. pp. 32, 33. We conclude that the section of the act of 1893, on which plaintiff relies, was repealed by Act No. 163, § 10, Pub. Acts 1921.

Counsel for plaintiff calls attention to the repeal of Act No. 163, Pub. Acts 1921, by subsequent legislative enactments (Act No. 255, Pub. Acts 1937* and Act No. 280, Pub. Acts 1939†). It is argued that such repeal operated to revive section 5 of the act of 1893, if found to have been impliedly repealed by the act of 1921. Reliance is placed on the common-law rule of statutory construction that repeal of a repealing statute operates to revive the first statute.

* This act was amended by Act No. 173, Pub. Acts 1941 (Comp. Laws Supp. 1940, 1945, § 17543–11 *et seq.*, Stat. Ann. 1945 Cum. Supp. § 28.2071 *et seq.*).—REPORTER.

† As amended, see Comp. Laws Supp. 1940, 1943, § 8309–71 *et seq.*, Stat. Ann. 1944 Cum. Supp. § 16.401 *et seq.*—REPORTER.

The claim is made that 1 Comp. Laws 1929, § 77 (Stat. Ann. § 2.213), Rev. Stat. 1846, chap. 1, § 4, should be construed as changing the common-law rule as to express repeals only, leaving said rule in force and effect as to implied repeals. The section referred to reads:

"Whenever a statute, or any part thereof, shall be repealed by a subsequent statute, such statute, or any part thereof, so repealed, shall not be revived by the repeal of such subsequent repealing statute."

It will be noted that no distinction is made by section 77 between express and implied repeals. The language is sufficiently comprehensive to include both. Doubtless, one major reason for the change in the common law by the adoption of the statutory rule of construction was to obviate uncertainty and confusion. Such reason is as fully applicable to implied as it is to express repeals.

In *Scott* v. *Secretary of State*, 202 Mich. 629, 646, the question at issue was the submission to popular vote of a proposed constitutional amendment. In discussing such proposed amendment, it was said:

"The argument that section 12 of the proposed amendment is merely declaratory of a rule of law, that since section 11 of article 16 of the Constitution repealed, or made inoperative, the liquor laws, the proposed amendment of that section will *ipso facto* revive them is essentially unsound. It is not true that in this State the repeal of a repealing statute revives the statute repealed. 1 Comp. Laws 1915, § 65."*

In *Bender* v. *United States* (C. C. A.), 93 Fed. (2d) 814, the court had under consideration the Federal statute, analogous to section 77, above quoted (Rev. Stat. § 12 [1 USCA, § 28), providing:

---

* This section is now 1 Comp. Laws 1929, § 77.—Reporter.

" 'Whenever an act is repealed, which repealed a former act, such former act shall not thereby be revived, unless it shall be expressly so provided.' "

In discussing the interpretation of this statute, it was said:

"We are of the opinion that the statute just quoted applies to repeals by implication as well as by express language. *Milne* v. *Huber,* 3 McLean, 212 (Fed. Cas. No. 9,617). The statute in question, in our opinion, changes the common-law rule that the repeal of a repealing act revived the former act. *Wallace* v. *Bradshaw,* 54 N. J. Law, 175 (23 Atl. 759)."

The case of *Dykstra* v. *Holden,* 151 Mich. 289, which counsel for plaintiff cite in support of their contention, involved a situation materially different than is presented by the case at bar. Act No. 135, Pub. Acts 1895, made provision for the holding of primaries in cities of not less than 15,000 nor more than 150,000. In 1901, by local act, the legislature provided for primary elections in the city of Grand Rapids, thus making an exception to the operation of the general law. The local act was repealed, so far as the city was concerned, in 1907. In determining that the holding of primary elections was, after such repeal, governed by the general law of 1895, the court said:

"The local act did not repeal the general law. It merely exempted the city of Grand Rapids from the operation of said general law, and when the local act was repealed there was nothing to prevent the application of the general law, and it did apply."

In support of this conclusion the court quoted 26 Am. & Eng. Enc. Law (2d Ed.), p. 761, as follows:

" 'And so, too, the statutory rule (the rule invoked by defendant) is inapplicable to cases where

the original act has been modified only and not repealed by the later one, as where an act merely excepts a particular class of cases from the operation of a previously existing general law, which continues to be in force. By the repeal of the act creating the exception, the general statute which was in force all the time then becomes applicable to all cases, according to its terms.' ''

In the present case we are not dealing with an exception to a general law, created by subsequent enactment, which later statute has been repealed. Rather, the situation is that a prior statutory provision was repealed by a later act of the legislature. It was not revived by the repeal of the repealing act. The legislature has not seen fit to re-enact it.

There is no statutory provision now in force and effect requiring the defendant commission to conduct a hearing on charges before suspending or discharging plaintiff. It is not questioned that, under the rules and regulations of the civil service commission, adopted pursuant to the constitutional amendment (art. 6, § 22, as added in 1940), he is entitled to a hearing before the latter body, if requested. Plaintiff's notice of conditional appeal, above referred to, was doubtless intended to protect and preserve such right.

In view of the conclusions reached on the questions above considered it is not necessary to discuss other matters raised by counsel in their briefs or by oral argument. An order will enter dismissing the petition. The case being one involving the public interest, no costs are allowed.

BUTZEL, C. J., and BUSHNELL, SHARPE, BOYLES, REID, NORTH, and STARR, JJ., concurred.