*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DEPARTMENT OF HEALTH AND HUMAN
SERVICES,

        Plaintiff-Appellant,

v

NRK RX, INC. and RAAD KOUZA,

        Defendants-Appellees.

FOR PUBLICATION
November 20, 2024
2:19 PM

No. 364206
Ingham Circuit Court
LC No. 22-000441-CZ

Before: RIORDAN, P.J., and O'BRIEN and N. P. HOOD, JJ.

N. P. HOOD, J. (*dissenting*).

I respectfully dissent. This case is about the appropriate method for determining the correct venue when the Attorney General brings a tort claim on behalf of the state. The outcome turns on a tension between the statutes that have long empowered the Attorney General to bring suits in Ingham County, MCL 14.102 and MCL 600.1631 (the "AG venue statutes"), and the more recent statutes that broadly provide for venue in tort actions, MCL 600.1641 and MCL 600.1629 (the tort venue statutes). Unlike the majority, which concludes that the tort venue statutes implicitly repealed the AG venue statutes, I would conclude that MCL 14.102 and MCL 600.1631 exist in harmony with MCL 600.1641 and MCL 600.1629, so that a party may properly establish venue under the AG venue statutes, MCL 14.102 and MCL 600.1631, *or* the tort venue statutes, MCL 600.1641 and MCL 600.1629. Applying these statutes to this case, I would also conclude that venue was proper in both Ingham County *and* Oakland County. Because the trial court concluded that venue was proper in Oakland County, but not Ingham County, it never addressed the application of MCR 2.222(A), which permits venue to be changed upon a party's motion for the convenience of the parties and witnesses. I would, therefore, remand to the Ingham Circuit Court to determine whether it should transfer the case to the Oakland Circuit Court in light of MCR 2.222(A).

## I. BACKGROUND

The majority accurately states the background of this case. Critically, the Attorney General, on behalf of the Department of Health and Human Services (DHHS), filed a five-count

-1-

complaint against defendants, NRK RX, Inc. (NRK) and its ostensible owner, in the Ingham Circuit Court. In Count I, DHHS pleaded a claim for enforcement of its final agency decision which concluded that defendants were overpaid for certain Medicaid reimbursements. In Counts II and III, DHHS pleaded claims for common-law conversion and statutory conversion, MCL 400.111b(16), a relatively new cause of action specific to a provider's failure to return Medicaid funds to which it was not entitled. Relying on the tort venue statutes, defendants successfully moved to change venue to Oakland County. The trial court concluded that venue was proper in Oakland County as (1) the site of the original injury (i.e., the alleged conversion), and (2) NRK's principal place of business. The trial court did not address the application of MCL 14.102 or MCL 600.1631.

## II. STANDARDS OF REVIEW

This Court reviews a trial court's ruling on a motion to change venue for clear error. *Dimmitt & Owens Fin, Inc v Deloitte & Touche (ISC), LLC*, 481 Mich 618, 624; 752 NW2d 37 (2008). "Clear error exists when the reviewing court is left with a definite and firm conviction that a mistake has been made." *Id.*, citing *Massey v Mandell*, 462 Mich 375, 379; 614 NW2d 70 (2000). Furthermore, "[t]his Court reviews de novo questions of statutory interpretation." *Dimmitt*, 481 Mich at 624, citing *Lash v Traverse City*, 479 Mich 180, 186; 735 NW2d 628 (2007). In doing so, this Court's "primary obligation is to discern legislative intent as reflected in the plain language of the statute." *Dimmitt*, 481 Mich at 624, citing *Lash*, 479 Mich at 187. "When the language of a statute is unambiguous, the Legislature's intent is clear, and judicial construction is neither necessary nor permitted." *Dimmitt*, 481 Mich at 624, citing *Lash*, 479 Mich at 187.

## III. INGHAM COUNTY IS A PROPER VENUE UNDER MCL 14.102 AND MCL 600.1631

DHHS argues that the trial court clearly erred when it transferred the case from the Ingham Circuit Court to the Oakland Circuit Court because, under MCL 14.102 and MCL 600.1631, Ingham County is the proper venue for any suit that the Attorney General brings on behalf of the state. Defendants counter that the trial court correctly applied Michigan's tort venue statutes in concluding that Oakland County is the proper venue. I would conclude that the trial court erred in its analysis. Read harmoniously, the venue statutes on which both sides rely provide that Oakland County and Ingham County are proper venues for this suit. The trial court must therefore conduct the convenience analysis within MCR 2.222 to determine which is the best of these two options.

### A. PRESERVATION

At the outset, I acknowledge that a *portion* of DHHS's argument—that related to MCL 14.102—is unpreserved. In this respect, I agree with the majority. Contrary to defendants' argument, DHHS preserved its argument regarding the application of MCL 600.1631. The application of MCL 14.102, though unpreserved, presents a question of law that we can resolved on the basis of the facts presented, and we exercise our discretion to do so. See *Tolas Oil & Gas Exploration Co v Bach Servs & Mfg, LLC*, ___ Mich App ___, ___; ___ NW3d ___ (2023) (Docket No. 359090); slip op at 2-5. See also *McCormick v Michigan State Univ College of Law*, unpublished per curiam opinion of the Court of Appeals, issued July 11, 2024 (Docket No. 362932) (N. P. HOOD, J., concurring) pp 7-8 (noting the flexibility of the so-called "raise-or-waive" standard).

-2-

A party must raise an issue in the trial court or the trial court must decide the issue for it to be preserved for appeal. *Glasker-Davis v Auvenshine*, 333 Mich App 222, 227; 964 NW2d 809 (2020). Stated differently, "issue preservation requirements only impose a general prohibition against raising an issue for the first time on appeal." *Id*.

I disagree with the majority related to the preservation of MCL 600.1631. Contrary to defendants' position, DHHS asserted that MCL 600.1631 applied in its complaint, in its supplemental brief in opposition to defendants' motion to change venue, and during the hearing regarding defendants' motion to change venue. DHHS therefore preserved its argument regarding the application of MCL 600.1631 by raising it in the trial court. Nevertheless, defendants correctly observe that DHHS failed to preserve its argument regarding the application of MCL 14.102 by raising it in the trial court. DHHS concedes that it addressed the application of MCL 14.102 for the first time in its principal brief on appeal.

This Court has historically applied two different standards to unpreserved issues in the civil context: plain-error, see, e.g., *Mr Sunshine v Delta College Bd of Trustees*, 343 Mich App 597, 601; 997 NW2d 755 (2022); *Demski v Petlick*, 309 Mich App 404, 426-427, 873 NW2d 596 (2015); *Kern v Blethen-Coluni*, 240 Mich App 333, 336; 612 NW2d 838 (2000), and the so-called "raise-or-waive" rule, see, e.g., *In re Conservatorship of Murray*, 336 Mich App 234, 240-242; 970 NW2d 372 (2021); *Jawad A Shah, MD, PC v State Farm Mut Auto Ins Co*, 324 Mich App 182, 192-194; 920 NW2d 148 (2018) (applying the so-called raise-or-waive standard, but "acknowledg[ing] that decisions of our Supreme Court and this Court have applied the plain-error standard of review to certain unpreserved issues in the civil context"). See also *McCormick* (N. P. HOOD, J., concurring), unpub op at 7-8. Our Supreme Court has yet to state definitively which standard is the appropriate standard for the civil context. See *Shah*, 324 Mich App at 194 n 5 (noting that our Supreme Court has applied plain-error in certain civil contexts; declining to decide "under what circumstances the plain-error standard of review should be applied in the civil context"). But see *Tolas*, ___ Mich App at ___; slip op at 2-5 (holding that our Supreme Court requires application of the so-called "raise-or-waive" standard). A panel of this Court recently resolved this apparent conflict, holding that the plain-error test does not apply in civil cases and appellate courts instead apply the "raise-or-waive" rule. *Id*. at ___; slip op at 2-5. Regardless, this Court may still "overlook preservation requirements if the failure to consider the issue would result in manifest injustice, if consideration is necessary for a proper determination of the case, or if the issue involves a question of law and the facts necessary for its resolution have been presented." *Id*. at ___; slip op at 3 (quotation marks and citations omitted).

Venue is a legal question with necessary facts usually determined at the time of filing. Cf. *Shiroka v Farm Bureau Gen Ins Co of Mich*, 276 Mich App 98, 104; 740 NW2d 316 (2007). "Venue is controlled by statute in Michigan." *Dimmitt & Owens Fin, Inc*, 481 Mich at 624, citing *Omne Fin, Inc v Shacks, Inc*, 460 Mich 305, 309; 596 NW2d 591 (1999). Statutory interpretation presents a question of law. *Brightwell v Fifth Third Bank of Mich*, 487 Mich 151, 156; 790 NW2d 591 (2010). Additionally, "[v]enue is determined at the time the suit is filed and is not normally defeated by subsequent events." *Shiroka*, 276 Mich App at 104 (citations omitted). Therefore, the facts necessary to resolve the legal question of the proper venue are already presented. Under these circumstances, I would elect to exercise our discretion to address the application of both MCL 600.1631 and MCL 14.102 in resolving the parties' venue dispute.

B. RECONCILING MCL 14.102 AND MCL 600.1631 WITH THE TORT VENUE STATUTES

Instead of interpreting one statute as trumping the other, I would conclude that the AG venue statutes, MCL 600.1631 and MCL 14.102, and the tort venue statutes each provide a proper venue for this suit. With two viable venues, the trial court must conduct the convenience analysis within MCR 2.222 to determine which is the best of these two options.

"Venue is controlled by statute in Michigan." *Dimmitt*, 481 Mich at 624, citing *Omne Fin, Inc*, 460 Mich at 309. Accordingly, analysis of this issue requires interpretation of Michigan's venue statutes. In doing so, this Court's "primary obligation is to discern legislative intent as reflected in the plain language of the statute[s]." *Dimmitt*, 481 Mich at 624, citing *Lash*, 479 Mich at 187.

MCL 14.29 provides that "[i]t shall be the duty of the attorney general, at the request of the governor, the secretary of state, the treasurer or the auditor general, to prosecute and defend all suits relating to matters connected with their departments." Regarding venue, MCL 14.102 provides that:

> Any action at law brought by the attorney general in the name of the state or of the people of the state, for the use and benefit thereof, may be begun in the circuit court in and for the county of Ingham, and may be prosecuted to final judgment and satisfaction thereof, with like effect as though the cause of action arose in such county.

Relatedly, MCL 600.1631(a) provides, in relevant part, that "[t]he county in which the seat of state government is located is a proper county in which to commence and try . . ." an action "by the attorney general in the name of the state or of the people of the state for the use and benefit thereof[.]"

Under the doctrine of *in pari materia*, "[s]tatutes that relate to the same subject or that share a common purpose . . . must be read together as one law, even if they contain no reference to one another and were enacted on different dates." *Committee to Ban Fracking in Mich v Bd of State Canvassers*, 335 Mich App 384, 395; 966 NW2d 742 (2021), quoting *O'Connell v Dir of Elections*, 316 Mich App 91, 99; 891 NW2d 240 (2016). When read together, MCL 14.102 and MCL 600.1631(a) provide that the Attorney General may file suit on behalf of Michigan's executive departments in the Ingham Circuit Court, as the seat of Michigan's government is located in Ingham County. See *Attorney General v Kent Co Rd Comm*, 184 Mich App 525, 528; 459 NW2d 11 (1990) (explaining that "Section 1631(a) indicates that venue is proper in Ingham County, where the seat of our state government is located."). See also *Dep't of Natural Resources v Wis Electric Power Co*, unpublished per curiam opinion of the Court of Appeals, issued July 20, 2023 (Docket No. 360932), p 10 (concluding that "the attorney general is the attorney for state departments and when the attorney general files suit on behalf of the state or its populace, that suit

-4-

may be filed in the Ingham Circuit Court.").[1]  In other words, though permissive (or discretionary), these statutes grant the Attorney General seemingly unfettered discretion to bring suits on behalf of the state in Ingham County, even if venue might otherwise be appropriate elsewhere.

That brings the analysis to the tort venue statutes.  MCL 600.1641 addresses proper venue is cases where there is more than one type of claim raised in the complaint.  Relevant here, MCL 600.1641(2) provides:

> If more than 1 cause of action is pleaded in the complaint or added by amendment at any time during the action and 1 of the causes of action is based on tort or another legal theory seeking damages for personal injury, property damage, or wrongful death, venue shall be determined under the rules applicable to actions in tort as provided in section 1629.[2]

Under MCL 600.1629(1)(a), in an action based in tort or another theory seeking damages for personal injury, property damage, or wrongful death:

> (a) The county in which the original injury occurred and in which either of the following applies is a county in which to file and try the action:

> (*i*) The defendant resides, has a place of business, or conducts business in that county.

> (*ii*) The corporate registered office of a defendant is located in that county.

Here, defendants argue, and the majority appears to accept that, because MCL 14.102 and MCL 600.1631(a) are permissive (or discretionary) and MCL 600.1641(2) is mandatory, this Court must apply MCL 600.1629(1)(a) in ascertaining the proper venue.  As DHHS asserts, implicit in this argument is that MCL 600.1641(2) repealed MCL 14.102 and MCL 600.1631(a), at least under circumstances in which one or more pleaded cause of action is based in tort.  In other words, if defendants are correct, then the tort venue statutes impose a limitation on the otherwise limitless discretion of the Attorney General to bring suit in Ingham County: a partial repeal.

"In general, repeals by implication are disfavored."  *Wells Fargo Rail Co v Dep't of Treasury*, 344 Mich App 351, 363; 1 NW3d 373 (2022), quoting *AK Steel Holding Corp v Dep't of Treasury*, 314 Mich App 453, 464; 887 NW2d 209 (2016).  "It is generally presumed that if the Legislature had intended to repeal a statute or statutory provision, it would have done so explicitly."  *Wells Fargo Rail Co*, 344 Mich App at 363, quoting *AK Steel Holding Corp*, 314 Mich App at 464.  "When a party claims that two statutes conflict, [this Court] must construe the statutes

---

[1]  Although unpublished opinions are not binding precedent, MCR 7.215(C)(1), they may be considered persuasive or instructive.  *Kern v Kern-Koskela*, 320 Mich App 212, 241; 905 NW2d 453 (2017).

[2]  MCL 600.1629.

harmoniously, if possible." *Wells Fargo Rail Co*, 344 Mich App at 363, citing *AK Steel Holding Corp*, 314 Mich App at 464.

> Repeal by implication will not be found if any other reasonable construction may be given to the statutes, such as reading *in pari materia* two statutes that share a common purpose or subject, or as one law, even if the two statutes were enacted on different dates and contain no reference to one another. However, a repeal of a statute may be inferred in two instances: (1) where it is clear that a subsequent legislative act conflicts with a prior act; or (2) when a subsequent act of the Legislature clearly is intended to occupy the entire field covered by a prior enactment. [*Wells Fargo Rail Co*, 344 Mich App at 363-364, citing *AK Steel Holding Corp*, 314 Mich App at 464.]

"Repeals by implication are not favored, but do happen, and, when clear, must be given effect." *Wells Fargo Rail Co*, 344 Mich App at 364, quoting *Jackson v Mich Corrections Comm*, 313 Mich 352, 357; 21 NW2d 159 (1946). Accordingly, "if there is such repugnance that both statutes cannot operate, then the last expression of the legislative will must control." *Wells Fargo Rail Co*, 344 Mich App at 364, quoting *Jackson*, 313 Mich at 356 (brackets omitted). "The latter act operates *to the extent of the repugnancy*, as a repeal of the first . . . ." *Wells Fargo Rail Co*, 344 Mich App at 364, quoting *Jackson*, 313 Mich at 357-358 (brackets omitted). "In other words, the more recent statute does not repeal the entire conflicting statute but only implicitly repeals the portions that are in conflict." *Wells Fargo Rail Co*, 344 Mich App at 364, citing *Jackson*, 313 Mich at 357-358; *Metro Life Ins Co v Stoll*, 276 Mich 637, 641; 268 NW2d 763 (1936). Notably, "when faced with two statutes that bear on the same subject, [this Court's] task is not to discern the most logical construction of the more recent statute, but to labor to permit the survival of both enactments if possible." *Wells Fargo Rail Co*, 344 Mich App at 364-365, quoting *House Speaker v State Admin Bd*, 441 Mich 547, 571-572; 495 NW2d 539 (1993).

We can read MCL 14.102 and MCL 600.1631(a) in harmony with MCL 600.1641(2) and MCL 600.1629(1)(a). I, therefore, would conclude the Legislature did not implicitly repeal MCL 14.102 and MCL 600.1631(a) by enacting MCL 600.1641(2) and MCL 600.1629(1)(a).

As the majority observes, MCL 14.102 and MCL 600.1631(a) are permissive or discretionary venue statutes. When read together, they provide that the Attorney General *may* file suit on behalf of Michigan's executive departments in the Ingham Circuit Court, as the seat of Michigan's government is located in Ingham County. MCL 600.1641(2), on the other hand, provides that if at least one pleaded cause of action is based in tort, venue *shall* be determined under the rules applicable to actions in tort as provided in MCL 600.1629. Yet, MCL 600.1629(1)(a) is a permissive (or discretionary) venue statute. It directs that, in an action based in tort, the county in which the original injury occurred and in which either of the following conditions apply is *a* county in which to file and try the action: (1) the defendant resides, has a place of business, or conducts business, or (2) the corporate registered office of a defendant is located. The Legislature's use of the indefinite article "a" rather than the definite article "the" indicates that MCL 600.1629(1)(a) designates what may be one of multiple proper venues. See *Kent Co Rd Comm*, 184 Mich App at 528 (explaining that the use of the indefinite article "a" refers to one of multiple potential venues while the use of the definite article "the" refers to a single venue). See also *Massey*, 462 Mich at 382 n 5 (explaining the distinction between the indefinite

-6-

article "a" and the definite article "the"). Accordingly, although MCL 600.1641(2) mandates the application of MCL 600.1629, MCL 600.1629(1)(a) does not exclude the possibility that other venues may be proper as well. See *Lorencz v Ford Motor Co*, 439 Mich 370, 377; 483 NW2d 844 (1992) (recognizing that venue for a tort claim may be proper in multiple counties). Reading these statutes as consistent with one another, to the extent possible, so as to allow the survival of both, venue may be properly established under MCL 14.102 and MCL 600.1631(a) *or* MCL 600.1629.

In sum, the AG venue statutes provide that Ingham County is *a* proper venue if the Attorney General chooses to bring file there. This conclusion is consistent with the ostensible purpose of MCL 14.102 and MCL 600.1631(a): to provide a uniform venue for the Attorney General to file suit for the benefit of the state of Michigan and its people. [3]

But this conclusion does not end the analysis. As discussed below, Oakland County was also a proper venue—one of multiple proper venues. In their motion to change venue, defendants raised the alternative argument that, even if Ingham County was *a* proper venue, the case should be transferred under MCR 2.222(A), which permits a venue change upon a party's motion "for the convenience of parties and witnesses or when an impartial trial cannot be had where the action is pending." The trial court never reached this argument. Therefore, I would remand for the trial court to determine whether the case was correctly transferred to the Oakland Circuit Court under MCR 2.222(A).

## IV. OAKLAND COUNTY IS A PROPER VENUE BASED ON THE LOCATION OF THE ORIGINAL INJURY

Although I conclude that Ingham County is *a* proper venue, and although I would remand for the trial court to analyze change of venue under MCR 2.222(A), I would also conclude that the trial court did not clearly err when it held that Oakland County was a proper venue under Michigan's tort venue statutes. Instead, on remand, I would direct the trial court to analyze which of these two proper venues is preferred under MCR 2.222(A).

To a large extent, I agree with the majority's analysis contained in Section III of the majority opinion. Specifically, the majority points to MCL 600.1629 providing a hierarchy of criteria for determining the proper venue in tort actions. See *Massey*, 462 Mich at 381-385 (analyzing MCL 600.1629 and its subparts sequentially, beginning with MCL 600.1629(1)(a)).

---

[3] To the extent that the majority suggests that the AG venue statutes only apply to actions brought by the Attorney General in her own name, it seems to ignore both the text and purpose of the statutes, particularly MCL 14.102, which relate to actions the Attorney General brings on behalf of the sovereign. See *Dep't of Natural Resources*, unpub op at 13-14. We previously analyzed and deconstructed this argument in an unpublished case involving interplay between these same statutes. See *id.* It also seems to ignore the unique statutory and constitutional role of the Attorney General. See *Attorney General v Pub Serv Comm*, 243 Mich App 487, 504; 625 NW2d 16 (2000) (where this Court "acknowledge[ed] the unique status of the Attorney General as a constitutional officer of the state of Michigan and her concomitant statutory authority to represent the state as its chief legal counsel.").

The majority correctly observes that the first provision in the hierarchy, MCL 600.1629(1)(a), provides that, in an action based in tort:

> (a) The county in which the original injury occurred and in which either of the following applies is a county in which to file and try the action:
>
> (*i*) The defendant resides, has a place of business, or conducts business in that county.
>
> (*ii*) The corporate registered office of a defendant is located in that county.

Accordingly, in applying MCL 600.1629(1)(a), the first step is to determine the county in which the original injury occurred.

Like the majority, I read the conversion allegation as relating to the failure to return the Medicaid funds (as opposed scheme to defraud). And like the majority, I find persuasive this Court's prior decision in *Ground Development, Inc v Doyle & Lang, LLC*, unpublished per curiam opinion of the Court of Appeals, issued November 1, 2005 (Docket No. 255202),[4] where we concluded in the context of a conversion claim that the injury occurred where the refusal to return first took place. Relying on the same analysis as the majority, I would conclude that Oakland County is *a* proper venue under MCL 600.1629(1)(a)(*ii*). Like the majority, I would also conclude that MCL 600.1629(1)(a)(*ii*)'s application is not limited to cases involving a single defendant. Because the original injury occurred in Oakland County and the parties agree that NRK's corporate registered office is located there, I agree that the trial court did not clearly err when it held that Oakland County was *a* proper venue under Michigan's tort venue statutes. It nonetheless erred to the extent that it concluded that Oakland County was *the only* proper venue without conducting an analysis under MCR 2.222(A).

### V. CONCLUSION

I would affirm the trial court's legal conclusion that Oakland County is a proper venue. I nonetheless would vacate the trial court's decision to transfer venue to Oakland County because Ingham County is also a proper venue. I would remand for the trial court to determine whether venue transfer is appropriate under MCR 2.222(A). For these reasons, I respectfully dissent.

/s/ Noah P. Hood

---

[4] Although unpublished opinions are not binding precedent, MCR 7.215(C)(1), they may be considered persuasive or instructive. *Kern*, 320 Mich App at 241.